GOODSILL ANDERSON QUINN & STIFEL
A LIMITED LIABILITY LAW PARTNERSHIP LLP

CORLIS J. CHANG            3539-0
        cchang@goodsill.com
KIMBERLY J. KOIDE          8256-0
        kkoide@goodsill.com
Alii Place, Suite 1800
1099 Alakea Street
Honolulu, Hawaii  96813
Telephone:  (808) 547-5600
Facsimile:  (808) 547-5880

Attorneys for Defendants
HAWAII RESIDENCY PROGRAMS, INC.,
NALEEN ANDRADE, M.D., COURTENAY
MATSU, M.D. AND CHRISTIAN DERAUF,
M.D.


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Lillian M. Jones,<br><br>                    Plaintiff,<br><br>        vs.<br><br>Hawaii Residency Program Inc.,<br>University of Hawaii, Naleen Andrade,<br>M.D., Courtenay Matsu, M.D., D.<br>Christian Derauf, M.D. Terry Lee,<br>M.D., Iqbal Ahmed, M.D., Sheila<br>Schiel,<br><br>                    Defendants. | CIVIL NO.  CV07-00015 HG BMK<br><br>DEFENDANT NALEEN<br>ANDRADE, M.D.'S **ANSWER TO<br>AMENDED COMPLAINT**<br>(filed 06/08/07); CERTIFICATE OF<br>SERVICE<br><br>TRIAL DATE:  MARCH 4, 2008 |

1801558.1

**DEFENDANT NALEEN ANDRADE, M.D.'S**
**ANSWER TO AMENDED COMPLAINT (filed 06/08/07)**

Defendant Naleen Andrade, M.D. ("Defendant Andrade") hereby answers Plaintiff Lillian M. Jones' ("Plaintiff") Amended Complaint filed on June 8, 2007 as follows:

**FIRST DEFENSE**

1.       The Amended Complaint fails to state a claim against Defendant Andrade upon which relief can be granted.

**SECOND DEFENSE**

2.       As to the allegations of paragraphs 1, 2, 3, 15, 16, 18, 19, 20, 22 23, 24, 25, 30, 31, 32, 34, 35, 36, 37, 39, 40 and 41 of the Amended Complaint, Defendant Andrade denies any and all allegations therein.

3.       As to the allegations of paragraphs 4, 21, 26 and 27 of the Amended Complaint, Defendant Andrade is without knowledge or sufficient information to form a belief as to the truth of the allegations, and upon such basis, denies any and all allegations therein.

4.       As to the allegations of paragraph 5, Defendant Andrade admits that she is a resident and citizen of the City and County of Honolulu, State of Hawaiʻi.  Defendant Andrade is without knowledge or sufficient information to

form a belief as to the truth of the remaining allegations of paragraph 5, and upon such basis, denies any and all allegations therein.

5.      As to the allegations of paragraph 6, Defendant Andrade admits that the University of Hawai'i is a state institution located *inter alia*, in the City and County of Honolulu, State of Hawai'i.  Defendant Andrade denies any and all remaining allegations of paragraph 6.

6.      As to the allegations of paragraph 7, Defendant Andrade admits that HRP is a corporation organized exclusively for charitable purposes, within the meaning of Section 501(c)(3) of the Internal Revenue Code of 1986, as amended, or any successor section, with its principal office located in the City and County of Honolulu, State of Hawai'i.  Defendant Andrade denies any and all remaining allegations of paragraph 7.

7.      As to the allegations of paragraph 8, Defendant Andrade is without knowledge or sufficient information to form a belief as to the truth of the allegations that (1) "Plaintiff's initial contract with HRP was for 1 year"; (2) "HRP and plaintiff entered into new contracts each year with the last such contract dated January 9, 2004, which was for the period January 14, 2004 through January 13, 2005"; and (3) "Pursuant to written contract, HRP agreed to train Plaintiff through January 13, 2005 as a level 5 resident," and upon such basis, denies any and all

allegations therein.  Defendant Andrade denies any and all remaining allegations of paragraph 8.

8.      As to the allegations of paragraph 9, with regard to Exhibits "A" and "B," the documents speak for themselves.  Defendant Andrade denies any and all remaining allegations of paragraph 9.

9.      As to the allegations of paragraph 10, with regard to Exhibit "C," the document speaks for itself.  Defendant Andrade denies any and all remaining allegations of paragraph 10.

10.      As to the allegations of paragraph 11, Defendant Andrade admits that Plaintiff was given a preliminary notice of dismissal.  Defendant Andrade denies any and all remaining allegations of paragraph 11.

11.      As to the allegations of paragraph 12, Defendant Andrade admits that on July 22, 2004, Plaintiff was granted an in-house hearing in accordance with HRP's Uniform Hearing and Grievance procedures.  Defendant Andrade denies any and all remaining allegations of paragraph 12.

12.      As to the allegations of paragraph 13, Defendant Andrade admits that the independent hearing body recommended that Plaintiff not be dismissed from residency training, but permitted to continue subject to such conditions and/or remediation requirements as the Program Directors determine to

be appropriate and consistent with patient safety concerns.  Defendant Andrade

denies any and all remaining allegations of paragraph 13.

13.    As to the allegations of paragraph 14, Defendant Andrade

denies the allegation that "HRP was intent on following their recommendation as

evidenced by HRP's revision of the spring 2005 schedule from Child and

Adolescent Psychiatry done on September 1, 2004, Plaintiff's contract was initially

scheduled to expire on January 13, 2005."  Defendant Andrade is without

knowledge or sufficient information to form a belief as to the truth of the

remaining allegations of paragraph 14, and upon such basis, denies any and all

allegations therein.

14.    As to the allegations of paragraph 17, Defendant Andrade

admits that the Hawaiʻi Board of Medical Examiners denied Plaintiff a license to

practice medicine in the State of Hawaiʻi.  Defendant Andrade denies any and all

remaining allegations of paragraph 17.

15.    As to the allegations of paragraph 28, Defendant Andrade is

without knowledge or sufficient information to form a belief as to the truth of the

allegation that "Plaintiff interviewed with several Child and Adolescent Psychiatry

training programs in February 2007," and upon such basis, denies any and all

allegations therein.  Defendant Andrade denies any and all remaining allegations of

paragraph 28.

16.    As to the allegations of paragraph 29, Defendant Andrade is without knowledge or sufficient information to form a belief as to the truth of the allegation that "[p]ursuant to HRP's own written contract, Plaintiff sought to resolve her dispute with HRP via Dispute Prevention Resolution (DPR)," and that "HRP refused to cooperate and tried to intimidate the CEO of DPR," and upon such basis, denies any and all allegations therein.  Defendant Andrade denies any and all remaining allegations of paragraph 29.

17.    As the allegations of paragraph 33, Defendant Andrade realleges and incorporates by reference its responses to paragraphs 1-32 of the Amended Complaint as though fully set forth herein.

18.    As to the allegations of paragraph 38, Defendant Andrade realleges and incorporates by reference her responses to paragraphs 1-37 of the Amended Complaint as though fully set forth herein.

19.    All allegations in the Amended Complaint not specifically admitted are denied.

## THIRD DEFENSE

20.    Defendant Andrade will rely on the defense of privilege and/or qualified privilege as to defamation claims.

**FOURTH DEFENSE**

21.     Defendant Andrade will rely on the defense of truth as to defamation claims.

**FIFTH DEFENSE**

22.     Plaintiff's claims and Plaintiff's claims for damages are barred by her own conduct.

**SIXTH DEFENSE**

23.     Plaintiff's claims are barred because the conduct of Defendant Andrade was not a proximate cause of Plaintiff's alleged injuries or damages.

**SEVENTH DEFENSE**

24.     Plaintiff's claims are barred because Defendant Andrade did not breach any term set forth in the Agreement for Appointment to Residency Training.

**EIGHTH DEFENSE**

25.     Plaintiff's claims are barred and/or limited by the "after acquired evidence" doctrine.

**NINTH DEFENSE**

26.     Plaintiff's claims are barred and/or limited by the terms contained in the Agreement for Appointment to Residency Training.

## TENTH DEFENSE

27.     Plaintiff's claims are barred because Plaintiff's injuries or damages, if any, were the proximate result of factors other than Defendant Andrade's conduct and/or are the result of intervening and superseding causes.

## ELEVENTH DEFENSE

28.     Plaintiff's claims against Defendant Andrade are barred because Plaintiff's damages or injuries, if any, were caused in whole or in part or were contributed to by the negligence of Plaintiff and/or her own recklessness, misconduct, and omissions of due care.

## TWELFTH DEFENSE

29.     Any action taken by Defendant Andrade was for legitimate and lawful business reasons.

## THIRTEENTH DEFENSE

30.     Plaintiff's claims are barred by the lack of any violation of the United States Constitution or federal statute.

## FOURTEENTH DEFENSE

31.     Plaintiff's injuries and emotional distress, if any, which she allegedly suffered are a result of intervening and superseding causes.

## FIFTEENTH DEFENSE

32.    Plaintiff's claims are barred by her failure to mitigate her damages, if any.

## SIXTEENTH DEFENSE

33.    Plaintiff's claim for punitive damages is barred by applicable provisions of the state and/or federal constitutions.

## SEVENTEENTH DEFENSE

34.    Plaintiff's claims are barred because of the unreasonableness of her own actions and by her failure to act in good faith.

## EIGHTEENTH DEFENSE

35.    Plaintiff's claims are barred by the doctrine of res judicata and/or collateral estoppel.

## NINETEENTH DEFENSE

36.    Plaintiff's injuries or damages, if any, were caused in whole, or in part by persons other than Defendant HRP.

## TWENTIETH DEFENSE

37.    Plaintiff's claims are barred by the lack of malice, wantonness or willfulness by Defendant Andrade.

## TWENTY-FIRST DEFENSE

38.    Plaintiff's claim fails for absence of state action.

## TWENTY-SECOND DEFENSE

39.   Plaintiff's claims are barred by the statute of limitations.

## TWENTY-THIRD DEFENSE

40.   Plaintiff's fraud claim fails for not being plead with particularity.

## TWENTY-FOURTH DEFENSE

41.   Plaintiff's claims are barred because Defendant Andrade is not a legal entity with the legal capacity to be sued.

## TWENTY-FIFTH DEFENSE

42.   Plaintiff's claims are barred because Defendant Andrade acted in her capacity as an agent of the corporate entity and cannot be held responsible for the alleged acts recognized as being committed by such entity.

WHEREFORE, Defendant Andrade requests that:

A.   Plaintiff's Amended Complaint be dismissed with prejudice;

B.   Plaintiff take nothing under her Amended Complaint;

C.   Defendant Andrade be awarded her costs, expenses, and attorneys' fees; and

D.   Defendant Andrade be awarded such other and further relief as this Court deems just and equitable.

Dated:  Honolulu, Hawaii, June 28, 2007.


/s/ Kimberly J. Koide
CORLIS J. CHANG
KIMBERLY J. KOIDE

Attorneys for Defendants
HAWAII RESIDENCY PROGRAMS,
INC., NALEEN ANDRADE, M.D.,
COURTENAY MATSU, M.D. AND
CHRISTIAN DERAUF, M.D.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Lillian M. Jones, | CIVIL NO.  CV07-00015 HG BMK |
| Plaintiff, | CERTIFICATE OF SERVICE |
| vs. | |
| | Trial Date:  March 4, 2008 |
| Hawaii Residency Program Inc., University of Hawaii, Naleen Andrade, M.D., Courtenay Matsu, M.D., D. Christian Derauf, M.D. Terry Lee, M.D., Iqbal Ahmed, M.D., Sheila Schiel, | |
| Defendants. | |

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the within document was served

on this date in the following manner:

1801558.1

|  | HAND DELIVERED | MAILED | FAXED | ECF |
|---|---|---|---|---|
| LILLIAN M. JONES<br>P.O. Box 235444<br>Honolulu, Hawaiʻi 96823 | [ ] | [X] | [ ] | [ ] |

*Pro Se Plaintiff*

|  | | | | |
|---|---|---|---|---|
| CHRISTINE F. TAMASHIRO, ESQ.<br>RYAN M. AKAMINE, ESQ.<br>University of Hawaii<br>Office of VP for Legal Affairs<br>2444 Dole Street, Bachman 110<br>Honolulu, Hawaii 96822 | [ ] | [ ] | [ ] | [X ] |

*Attorneys for Defendant University of Hawaii*

Dated:  Honolulu, Hawaii, June 28, 2007.


/s/ Kimberly J. Koide
_____
CORLIS J. CHANG
KIMBERLY J. KOIDE

Attorneys for Defendants
HAWAII RESIDENCY PROGRAMS,
INC., NALEEN ANDRADE, M.D.,
COURTENAY MATSU, M.D. AND
CHRISTIAN DERAUF, M.D.