IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LILLIAN M. JONES,<br><br>    Plaintiff,<br><br>  vs.<br><br>HAWAII RESIDENCY PROGRAM, INC., UNIVERSITY OF HAWAII; NALEEN ANDRADE, M.D.; COURTENAY MATSU, M.D.; D. CHRISTIAN DERAUF, M.D.; TERRY LEE, M.D.; IQBAL AHMED, M.D.; and SHEILA SCHIEL,<br><br>    Defendants.<br>_____ | Civ. No. 07-00015 HG BMK<br><br><br><br>SPECIAL MASTER'S REPORT RECOMMENDING THAT DEFENDANTS' MOTION FOR ATTORNEY'S FEES BE DENIED |

SPECIAL MASTER'S REPORT RECOMMENDING THAT DEFENDANTS' MOTION FOR ATTORNEY'S FEES BE DENIED

        On January 12, 2007, Plaintiff Lillian Jones ("Jones") filed an action against Defendants Naleen Andrade, M.D., Courtenay Matsu, M.D., and D. Christian Derauf, M.D. (collectively, "the Individual Defendants"), among others, for suspending Jones from clinical practice as a medical resident, restricting the scope of her training, and placing her on a leave of absence. On November 30, 2007, the Court granted the Individual Defendants' motion for summary judgment.

The Individual Defendants now seek an award of attorney's fees in the amount of $12,159.00 for bringing their motion for summary judgment.[1]

## DISCUSSION

The Individual Defendants seek attorney's fees under Haw. Rev. Stat. § 607-14.5, which provides that "the court may, as it deems just, assess against either party . . . a reasonable sum for attorney's fees . . . upon a specific finding that the party's claim or defense was frivolous." Haw. Rev. Stat. § 607-14.5. A claim is frivolous when it is so "manifestly and palpably without merit . . . as to indicate bad faith." Morrison-Knudsen Co., Inc. v. Makahuena Corp., 66 Haw. 663, 672 n.5 (1983) (denying request for attorney's fees under § 607-14.5 where appeal was without merit, but was not taken in bad faith); see also Kawaihae v. Hawaiian Ins. Cos., 1 Haw.App. 355, 361 (Haw. Ct. App. 1980) (finding that a

---

[1] The Special Master notes that although the Individual Defendants' motion requests only attorney's fees, Jones' memorandum in opposition is directed against both attorney's fees and costs. (Mem. Opp. 10.) To the extent that Jones seeks to object to Defendants' Bill of Costs, her objection is untimely. Defendants filed their Bill of Costs on December 14, 2007. Under Local Rule 54.2(d), Jones had 11 days to file any objections. She failed to do so, and the Clerk properly taxed Defendants' costs on January 3, 2007. Jones' Memorandum in Opposition was not filed until January 7, 2008. Moreover, there is no doubt that Defendants were the prevailing party, and are entitled to costs as a matter of course under Rule 54(d)(1) of the Federal Rules of Civil Procedure. Even if Jones' Memorandum in Opposition were construed as an objection to Defendants' Bill of Costs, and even if it had been timely filed, the Special Master would have recommended that the objections be overruled.

frivolous claims is one "so manifestly and palpably without merit . . . such that argument to the court was not required").

Here, the Individual Defendants argue that Jones' "complete disregard of controlling Hawai'i law" demonstrates that her action against Individual Defendants was frivolous. (Mem. Supp. Mot. 4.)  Specifically, they point to an email they sent to Jones on March 20, 2007, describing why her action could not proceed against the Individual Defendants, citing Hawaii case law, and requesting that she dismiss her claims against them.  This was followed by a similar, subsequent request at the April 9 Scheduling Conference.  Finally, the Individual Defendants point to Jones' deposition on September 17 and 19, 2007, in which Jones stated that she agreed that the Individual Defendants had acted in their professional, not their personal, capacities during their interactions with Jones.

While Jones' claims were ultimately determined to be without merit, the Special Master does not believe that they were so "manifestly and palpably without merit . . . as to indicate bad faith." Morrison-Knudsen Co., Inc., 66 Haw. at 672 n.5.  In entering summary judgment against Jones, the Court did not make any specific finding that Jones' claims were frivolous.  Given the particular circumstances of this case, the Court does not believe that the relative weakness of Jones' legal arguments indicates that they were brought with any improper

purpose.  In addition, § 607-14.5 allows the Court broad latitude to award or not award attorney's fees "as it deems just," Haw. Rev. Stat. § 607-14.5.  Here, the Special Master FINDS that Jones' legal arguments were not frivolous, and that it would not be just to award the Individual Defendants their attorney's fees under § 607-14.5.  Accordingly, the Special Master RECOMMENDS that the Individual Defendants' motion be DENIED.

        IT IS SO FOUND AND RECOMMENDED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: January 15, 2008

Jones v. Hawaii Residency Program, Inc.; Civ. No. 07-00015 HG BMK; SPECIAL MASTER'S REPORT RECOMMENDING THAT DEFENDANTS' MOTION FOR ATTORNEY'S FEES BE DENIED.