```
              IN THE UNITED STATES DISTRICT COURT

                 FOR THE DISTRICT OF HAWAII
```

| | |
|---|---|
| LILLIAN M. JONES,                  ) <br>                                    ) <br>                                    ) <br>            Plaintiff,      ) <br>                                    ) <br>     vs.                               ) <br>                                    ) <br> HAWAII RESIDENCY PROGRAMS,     ) <br> INC., UNIVERSITY OF HAWAII;   ) <br> NALEEN ANDRADE, M.D.; COURTENAY) <br> MATSU, M.D.; CHRISTIAN DERAUF, ) <br> M.D.; TERRY LEE, M.D.; IQBAL    ) <br> AHMED, M.D.; SHEILA SCHIEL,    ) <br>                                    ) <br>                                    ) <br>            Defendants.     ) <br> _____) | Civ. No. 07-00015 HG-KSC |

**ORDER DENYING PLAINTIFF'S FILING ENTITLED "MOTION TO SET ASIDE JUDGMENT OF THE HAWAII RESIDENCY PROGRAMS, INCORPORATED, ET AL." (ECF No. 103)**

Plaintiff Lillian M. Jones, proceeding pro se, filed a Motion to Set Aside Judgment. Plaintiff seeks to vacate the Judgment entered by this Court on November 30, 2007.

Plaintiff filed her Motion pursuant to Fed. R. Civ. P. 60(b). Plaintiff's Motion is untimely. There is no factual or legal basis upon which to set aside the 2007 Judgment. There are no extraordinary circumstances that would merit relief as requested.

Plaintiff's MOTION TO SET ASIDE JUDGMENT OF THE HAWAII RESIDENCY PROGRAMS, INCORPORATED, ET AL. (ECF No. 103) is **DENIED**.

1

**PROCEDURAL HISTORY**

On January 12, 2007, Plaintiff filed a Complaint. (ECF No. 1).

On June 8, 2007, Plaintiff filed an Amended Complaint. (ECF No. 40).

On November 29, 2007, the Court issued an ORDER GRANTING DEFENDANT UNIVERSITY OF HAWAII'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT. (ECF No. 83).

On November 30, 2007, the Court issued an ORDER GRANTING DEFENDANTS HAWAII RESIDENCY PROGRAM INC., NALEEN ANDRADE, M.D., COURTENAY MATSU, M.D., AND D. CHRISTIAN DERAUF, M.D.'S MOTIONS FOR SUMMARY JUDGMENT. (ECF No. 84).

On the same date, the Court entered Judgment in favor of the Defendants. (ECF No. 85).

More than nine years later, on April 3, 2017, Plaintiff filed PLAINTIFF'S MOTION TO SET ASIDE JUDGMENT OF THE HAWAII RESIDENCY PROGRAMS, INCORPORATED, ET AL. (ECF No. 103).

On May 12, 2017, Defendant Hawaii Residency Programs, Inc. filed DEFENDANT HAWAII RESIDENCY PROGRAMS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO SET ASIDE JUDGMENT OF THE HAWAII RESIDENCY PROGRAMS INCORPORATED. (ECF No. 107).

On May 15, 2017, Defendant Hawaii Residency Programs, Inc. filed an ERRATA. (ECF No. 108).

On June 5, 2017, Plaintiff filed PLAINTIFF'S REPLY TO

DEFENDANT HAWAII RESIDENCY PROGRAMS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO SET ASIDE JUDGMENT OF THE HAWAII RESIDENCY PROGRAMS INCORPORATED. (ECF No. 109).

The matter is being decided without a hearing pursuant to District of Hawaii Local Rule 7.2(d).

## **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 60(b) permits relief from final judgments, orders, or proceedings. Rule 60(b) provides six separate bases for relief. The rule provides, as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.
>
> Fed. R. Civ. P. 60(b).

A successful motion for reconsideration must accomplish two goals. First, a motion for reconsideration must demonstrate some reason why the Court should reconsider its prior decision. Second, the motion must set forth facts or law of a "strongly convincing" nature to induce the Court to reverse its prior decision. Jacob v. United States, 128 F.Supp.2d 638, 641 (D. Haw. 2000).

Mere disagreement with a court's analysis is not a sufficient basis for relief pursuant to Fed. R. Civ. P. 60(b). Sierra Club v. City and Cnty. of Honolulu, 486 F.Supp.2d 1185, 1188 (D. Haw. 2007) (citing Haw. Stevedores, Inc. v. HT & T Co., 363 F.Supp.2d 1253, 1269 (D. Haw. 2005)).

The decision to grant relief pursuant to Rule 60(b) is committed to the sound discretion of the court. Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003).

## ANALYSIS

**I. Consideration for Pro Se Litigants**

The Court recognizes that Plaintiff is proceeding pro se. Pro se pleadings are construed liberally. Ballisteri v. Pacific Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Pro se litigants are not, however, excused from complying with the Federal Rules of Civil Procedure and the Local Rules for

4

the District Court for the District of Hawaii.  Am. Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1107 (9th Cir. 2000).  Pro se litigants must comply with the same rules of procedure that govern other litigants.  Motoyama v. Haw. Dep't of Transp., 864 F.Supp.2d 965, 975 (D. Haw. 2012).

Only Defendant Hawaii Residency Programs, Inc. has been served with the Motion to Set Aside Judgment.  (Pla.'s Certificate of Service attached to her Motion, ECF No. 103-9).  Defendant Hawaii Residency Programs, Inc. argues that service was defective, but it waived the deficiency of service for purposes of the Motion.  (Def.'s Opp. at p. 5, ECF No. 107).

There is no evidence that any other Defendant was served.  Hawaii Residency Programs, Inc. is the only Defendant subject to the Motion.

**II.  The Rule 60(b)(3) Motion Is Untimely**

This matter concerns a Judgment entered in favor of Defendant Hawaii Residency Programs, Inc. on November 30, 2007.  (ECF No. 85).  Plaintiff had filed an Amended Complaint alleging federal constitutional claims and state law claims against the Defendant Hawaii Residency Programs, Inc., and other defendants.  Plaintiff objected to her dismissal from the Defendant's medical residency program.  (ECF No. 40).

On November 30, 2007, the Court issued an Order that granted

5

summary judgment in favor of Defendant Hawaii Residency Programs, Inc. (Nov. 30, 2007 Order Granting Summary Judgment, ECF No. 84). The Court ruled that Defendant Hawaii Residency Programs, Inc. was entitled to summary judgment because Plaintiff was unable to bring federal constitutional claims against it pursuant to 42 U.S.C. § 1983. (Id. at p. 13). The Court found that Defendant Hawaii Residency Programs, Inc. was not a state actor. (Id.) The Court declined supplemental jurisdiction and dismissed Plaintiff's state law claims without prejudice. (Id. at pp. 16-17).

On April 3, 2017, Plaintiff filed the current Motion. The Motion seeks to vacate the Judgment based on "fraud" pursuant to Fed. R. Civ. P. 60(b)(3). (Pla.'s Motion at pp. 1-3, ECF No. 103).

A motion filed pursuant to Rule 60(b)(3), for fraud upon the Court, must be made no later than one year following entry of the challenged judgment. Fed. R. Civ. P. 60(c)(1); Krakauer v. Indymac Mortg. Srvs., Civ. No. 09-00518ACK-BMK, 2013 WL 1181289, *3 (D. Haw. Mar. 19, 2013).

Judgment was entered on November 20, 2007. (ECF No. 85). The Motion was filed more than nine years later, on April 3, 2017. (ECF No. 103). The Motion filed pursuant to Fed. R. Civ. P. 60(b)(3) is untimely. Fed. R. Civ. P. 60(c)(1); Hollis-Arrington v. Cendant Mortg. Corp., 465 Fed. Appx. 675 (9th Cir.

6

2012).

The Court lacks jurisdiction to consider the untimely Motion filed pursuant to Fed. R. Civ. P. 60(b)(3). Nevitt v. United States, 886 F.2d 1187, 1188 (9th Cir. 1989) (a district court lacks jurisdiction to consider an untimely motion to set aside a judgment).

**III. The Rule 60(b) Motion To Set Aside Judgment Lacks Merit**

Even if the Court had jurisdiction to consider the Rule 60(b)(3) Motion, the Court has not been provided with a legal or factual basis upon which to vacate the Judgment entered on November 30, 2007.

To prevail on a Motion filed pursuant to Fed. R. Civ. P. 60(b)(3), the moving party must prove by clear and convincing evidence that the judgment was obtained through fraud, misrepresentation, or other misconduct and that the conduct complained of prevented the losing party from fully and fairly presenting its side of the case. Casey v. Albertson's Inc., 362 F.3d 1254, 1260 (9th Cir. 2004).

No evidence, much less clear and convincing evidence, has been provided of fraud upon the Court. The Rule 60(b) Motion argues that the Chief Executive Officer of the Hawaii Residency Programs, Inc., Arthur Richard Philpott, misrepresented the relationship between the Defendant and the State of Hawaii in

7

2007. (Pla.'s Memo. at pp. 6-17, ECF No. 103-1). The Motion specifically claims that Philpott misled the Court into finding that the Defendant Hawaii Residency Programs, Inc. was not a state actor. (Id.) There is no evidence to support the claim.

The Motion cites to multiple sections of the Hawaii Revised Statutes and the Internal Revenue Code as a basis for the theory that the Defendant Hawaii Residency Programs, Inc. should have been treated as a state actor. The argument is not well taken.

None of the sources cited in the Motion support the claim. Mere dissatisfaction with the 2007 Order and Judgment of the Court is not a sufficient basis to set it aside. White v. Sabatino, 424 F.Supp.2d 1271, 1274 (D. Haw. 2006); Haw. Stevedores, Inc. v. HT & T Co., 363 F.Supp.2d 1253, 1269 (D. Haw. 2005).

**IV. The Six Exhibits Attached To The Motion Do Not Support Vacating The Judgment**

There are six exhibits attached to the Rule 60(b)(3) Motion. None of the exhibits provide a basis upon which to set aside the 2007 Judgment.

**A. Exhibits 1, 2, and 4 Were Previously Available**

Three of the exhibits, Exhibits 1, 2, and 4, were all available at the time of the proceedings that led to the Judgment. Rule 60(b)(3) requires that the evidence of fraud be

8

previously undiscoverable by due diligence before or during the proceedings.  <u>Casey</u>, 362 F.3d at 1260.

Exhibit 1 was a letter from Daryl Matthews, M.D., Ph.D. to the Board of Medical Examiners on Plaintiff's behalf that was dated September 7, 2006.  (2006 Letter attached as Ex. 1 to Pla.'s Motion, ECF No. 103-2).

Exhibit 2 is a copy of a certificate from the University of Hawaii to Plaintiff stating that she satisfactorily performed the duties of pediatrics, psychiatry, and child and adolescent psychiatry from July 1, 2001 to June 30, 2002.  (UH Certificate attached as Ex. 2 to Pla.'s Motion, ECF No. 103-3).

Exhibit 4 is a copy of the 2003-2004 Agreement for Appointment to Residency Training entered into between Defendant Hawaii Residency Programs, Inc. and Plaintiff, dated January 2004.  (2003-2004 Agreement, attached as Ex. 4 to Pla.'s Motion, ECF No. 103-5).

Exhibits 1, 2, and 4 were all previously available during the 2007 proceedings.  Exhibits 1, 2, and 4 do not provide a basis to set aside the Court's November 30, 2007 Judgment.

**B.   Exhibit 5 Presents No New Facts**

Exhibit 5 was submitted in support of the Rule 60(b)(3) Motion.  Exhibit 5 is a letter dated March 19, 2010 that was written by Plaintiff and sent to the Accreditation Counsel for

9

Graduate Medical Education. (ACGME Letter dated March 19, 2010, attached as Ex. 5 to Pla.'s Motion, ECF No. 103-6).

Exhibit 5 does not provide the Court with any new facts to support a finding of fraud upon the Court. The letter repeats Plaintiff's theory of the case regarding the Defendant Hawaii Residency Programs, Inc. and its relationship to the University of Hawaii. The 2010 letter does not contain new information or new facts to support there having been a fraud upon the Court in 2007.

### C. Exhibits 3 and 6 Do Not Support A Finding Of Fraud

Exhibit 3, attached to the Rule 60(b)(3) Motion, consists of a portion of a chart that outlines some of the current affiliations of the University of Hawaii Medical School. (Chart attached as Ex. 3 to Pla.'s Motion, ECF No. 103-4). It is entitled "JABSOM Graduate Medical Education Organization Struct." The Motion asserts that the chart was obtained from the University of Hawaii Medical School website. (Declaration of Lillian M. Jones at ¶ 5, ECF No. 103-8).

Exhibit 6 is a 2013 Statement of Institutional Commitment to Graduate Medical Education by the University of Hawaii, John A. Burns School of Medicine. (UH Statement signed January 25, 2013, attached as Ex. 6 to Pla.'s Motion, ECF No. 103-7). The Statement of Commitment is signed by University of Hawaii

executives and provides that the Medical School agrees to meet or exceed compliance with the Accreditation Council for Graduate Medical Education requirements. (Id.)

The Rule 60(b)(3) Motion asserts that Exhibits 3 and 6 demonstrate that the Defendant Hawaii Residency Program, Inc. is no longer a "charity organization" and is now established as a "public charity." (Motion at p 2., ECF No. 103). The Motion claims the Defendant is a state actor and argues there was fraud upon the Court in 2007.

Neither Exhibit 3 nor Exhibit 6 support such a claim. The evidence demonstrates that the Defendant Hawaii Residency Programs, Inc. and the University of Hawaii changed their relationship in 2012. The change in relationship occurred well after Plaintiff was a resident. The evidence of the change in relationship does not support a finding of fraud in 2007.

Defendant Hawaii Residency Programs, Inc. submitted a Declaration from its Chief Executive Officer Arthur Richard Philpott. (Declaration of Arthur Richard Philpott dated May 8, 2017, ("Philpott Decl.") attached to Def.'s Opp., ECF No. 107-3). Philpott explained that in 2012, five years after the Court issued its Judgment, the Defendant Hawaii Residency Programs, Inc. redefined its relationship with the University of Hawaii. (Id. at ¶ 8). Philpott stated, in detail, as follows:

> In Summer 2012, [Defendant Hawaii Residency Programs, Inc. ("HRP")] and the University of Hawaii ("UH")

11

> entered into extended negotiations to redefine their
> relationship, respective responsibilities, and
> authority in regard to Graduate Medication Education.
> This ultimately resulted in an Agreement between UH and
> HRP dated June 21, 2012, and later amended in the First
> Amended Agreements between UH and HRP dated December
> 26, 2012.
>
> The result of the 2012 Agreements was that the
> relationship between HRP and UH was redefined to change
> the organizational structure of Graduate Medical
> Education and substitute the University of Hawaii Board
> of Regents as the Governing Body for Graduate Medical
> Education as opposed to the HRP Board of Directors.
> Further, the employment of the Designated Institutional
> Official (DIO), the individual with the academic
> authority and responsibility for the Residency
> Programs, changed from HRP to UH JABSOM. This resulted
> in UH JABSOM faculty member becoming the DIO on July 1,
> 2012 and replacing me as th DIO.
>
> In addition, the University pledged to assume ultimate
> responsibility for the Residency Programs as reflected
> in the Statement of Institutional Commitment to
> Graduate Medical Education (attached as Plaintiff's
> Exhibit 6) and executed by the University of Hawaii's
> and UH JABSOM's most senior officials in January 2013.
>
> Plaintiff's Exhibit 3 did not exist at the time this
> Court entered its 2007 Order. I know this because the
> Officer of the DIO and the Advisory Council were
> created after the change in the DIO in 2012.

(Philpott Decl. at ¶¶ 8-11, ECF No. 107-3).

Philpott stated that despite the changes, the Defendant Hawaii Residency Programs, Inc. remains a Section 501(c)(3) non-profit organization, which is a separate entity from the University of Hawaii Medical School. (Id. at ¶ 12)

There is no basis to find that Defendant Hawaii Residency Programs, Inc. engaged in fraud upon the Court in 2007. The changes in the relationship between Defendant and the University

12

of Hawaii did not occur until 2012. There is no evidence that the Court 2007 Judgment was unfairly obtained by fraud. <u>Bunch v. United States</u>, 680 F.2d 1271, 1283 (9th Cir. 1982); <u>DeSaracho v. Custom Food Machinery, Inc.</u>, 206 F.3d 874, 880 (9th Cir. 2000) (citing <u>In re M/V Peacock</u>, 809 F.2d 1403, 1405 (9th Cir. 1987)).

**V. There Are No Extraordinary Circumstances That Warrant Relief**

There is no basis for the Court to set aside the Judgment issued on November 30, 2007. There are not any extraordinary circumstances that would merit relief pursuant to Fed. R. Civ. P. 60(b)(6). <u>Latshaw v. Trainer Worthaw & Co.</u>, 452 F.3d 1097, 1103-04 (9th Cir. 2006).

//
//
//
//
//
//
//
//
//
//
//
//

**CONCLUSION**

Plaintiff's Filing entitled, "MOTION TO SET ASIDE JUDGMENT OF THE HAWAII RESIDENCY PROGRAMS, INCORPORATED, ET AL." (ECF No. 103) is **DENIED**.

The Clerk of Court is **DIRECTED TO CLOSE THE CASE**.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 12, 2017.

Helen Gillmor
United States District Judge

Lillian M. Jones v. Hawaii Residency Programs, Inc.; University of Hawaii; Naleen Andrade, M.D.; Courtenay Matsu, M.D.; Christian Derauf, M.D.; Terry Lee, M.D.; Iqbal Ahmed, M.D.; Sheila Schiel, Civ. No. 07-00015 HG-KSC; **ORDER DENYING PLAINTIFF'S FILING ENTITLED "MOTION TO SET ASIDE JUDGMENT OF THE HAWAII RESIDENCY PROGRAMS, INCORPORATED, ET AL." (ECF No. 103)**

14